United States District Court
District of Minnesota

| | |
|---|---|
| Kim Kittleson-Hurley,<br><br>Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc. and Terrance O'Hanlin,<br><br>Defendants. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

# Jurisdiction

1. This action arises out of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in it's illegal efforts to collect a consumer debt from Plaintiff.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Kim Kittleson-Hurley is a natural person who resides in Coon Rapids, County of Anoka and is a person affected by a violation of the FDCPA with standing to bring these claims under 15 U.S.C. §§ 1692k(a).

5. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044 with a Minnesota registered agent of process of CT Corporation System, Inc., 100 South 5th Street, 075, Minneapolis, MN 55402. Defendant NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Terrance O'Hanlin is a natural person who was employed at all relevant times by Defendant NCO as a collection agent and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

7. On or before 2010, Plaintiff's husband allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged personal debt with American Express in the approximate amount of $31,278.78, which was subsequently reduced to judgment on or about

June 1, 2011. This debt was used by Plaintiff's husband for personal, family, and household purchases.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff's husband.

### *Defendants Threaten Plaintiff's Interest in Her Home*

9. On or about December 6, 2012, Defendant NCO's collector Defendant O'Hanlin contacted Plaintiff by telephone in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Defendant O'Hanlin spoke with Plaintiff.

11. Defendant O'Hanlin attempted to collect the debt and told Plaintiff he was collecting on a judgment.

12. Plaintiff explained that she had made previous attempts to settle the judgment, but was unable to reach satisfactory terms, or words to that effect.

13. Defendant O'Hanlin asked Plaintiff if she was worried about the judgment lien on her house, or words to that effect.

14. Plaintiff home is recorded as Torrens property and also recorded as a homestead.

15. Under Minnesota law, in order for a judgment to act as a lien against Torrens property, the judgment must be filed with the Register of Titles. *See* Minn. Stat. §§ 548.09, 508.63.

16. Plaintiff is informed and believes that her property is clear of any and all judgment liens.

17. Under Minnesota law, a judgment lien does not attach to exempt property, such as a homestead. *See Deutsche Bank Nat. Trust Co. v. Peterson*, 748 N.W.2d 306, 309 (Minn. Ct. App. 2008).

18. Plaintiff was not aware of any liens against her house and told Defendant O'Hanlin "that's not correct" or words to that effect.

19. Defendant O'Hanlin told Plaintiff "you're misinformed, if there's a judgment it's automatic" or words to that effect.

20. Plaintiff disputed that Defendants had the ability to do that, and also explained she was not aware of any judgment against her property.

21. Defendant O'Hanlin then told Plaintiff that if there was not a judgment already, he would advise their law firm—Zwicker and Associates—to place a lien on the house, or words to that effect.

22. Soon thereafter, the call ended.

23. After the call, Plaintiff was upset at the threats against her property. She was especially worried when Defendant O'Hanlin mentioned he was going to have his lawyer do something to her property.

24. The above-described collection communication violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

*Summary*

25. All of the above-described collection communications made to Plaintiff by Defendant NCO and collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26. The above-detailed conduct by Defendants in their effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

27. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anger, anxiety, emotional distress, frustration, amongst other negative emotions.

28. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## Respondeat Superior Liability

29. The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendant NCO who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

30. The acts and omissions by the individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, the individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant NCO.

32. Defendant NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

## Trial by Jury

33. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

34. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

35. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

## Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: July 2, 2013_____    *s/Randall P. Ryder*_____
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Kim Kittleson-Hurley having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 6/27/13

Kim Kittleson-Hurley